GUPTILL HOLDING CORPORATION, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 36563.)

Third Department, July 13, 1965.

*Louis J. Lefkowitz, Attorney-General (Julius L. Sackman* and *Paxton Blair* of counsel), for appellant.

*Carter & Conboy (James S. Carter, M. James Conboy* and *John W. Cebula* of counsel), for respondent.

AULISI, J. This is an appeal from a judgment of the Court of Claims for direct and consequential damages arising out of an appropriation of lands in the Town of Colonie, County of Albany, for purposes of the Northway.

In our decision on the first appeal of this case (20 A D 2d 832) we noted that '' the State would define the issue as the question: ' May two contiguous, jointly-used tracts which are separately owned, one by an individual, and the other by a corporation owned and controlled by that individual, be treated as one tract? ' '' We indicated in that decision our belief, which we also adopt here, that there was sufficient proof in the record of contiguity and common use, that no problem as to apportionment of damages was presented because of an assignment by Charles Guptill to the claimant corporation of his claim for damages to the Miller tract, and that '' mutual interest and advantage would clearly have demanded — had the proprietors determined to sell — that the tracts be treated as a unit for purposes of evaluation by, and sale to a willing buyer '' (20 A D 2d 832, 833).

While recognizing the rule that unity of title or ownership, contiguity and common use were all necessary '' as an abstract proposition '' at least, in order to warrant severance damages for a piece of property, we nevertheless formulated the question '' whether the rule might have to be relaxed, or whether close and long-term control could be equated to unity of ownership '' where the additional factors mentioned above were also present. We were unable to answer this question, or in turn the related question raised by the State, '' inasmuch as the record is devoid of any proof whatsoever as to Mr. Guptill's interest in or other relationship to the corporation, other than testimony that he was its president '' (ibid). We, therefore, returned the case to the Court of Claims for a new trial, primarily to supply a fully-developed record on the issue of control.

On retrial the record of the first trial was adopted by stipulation and further evidence was taken. The court made an award for damages in the same amount as before, found that the subsequent trial confirmed its prior findings and award and made additional findings.

Claimant has made an exceptionally strong case on the issue of control and has proven, to our satisfaction, as the Court of Claims states, that " He [Charles Guptill] was the master of all he surveyed and used the corporations merely as legal devices to run his many interests efficiently and with a minimum of confusion " (p. 633). The facts which show his control are not in dispute. Of the two parcels involved here, Charles Guptill had owned the Wade tract in his own name from 1947. On the advice of his auditors and attorneys he formed three family-type corporations in 1956 to operate his various businesses. He continued, however, to manage said businesses as previously. The claimant, Guptill Holding Corporation, took title to all the Guptill family real estate in exchange for shares of stock. Charles Guptill received 498 shares of the 500 shares issued while his wife received one share and his father also received one share. These three were the directors and he served as president and treasurer while his wife served as vice-president and secretary.

Although all the Guptill real estate was held in the name of the Guptill Holding Corporation, the Miller farm was purchased for $72,000 in the name of Charles Guptill personally because of the seller's preference of having his name on the purchase-money mortgage. Twenty-eight thousand dollars of the purchase price was paid in cash obtained from bank financing by consolidating the mortgages on all the real property owned by the Guptill Holding Corporation and the balance was paid in mortgage payments by checks from Guptill's three corporations. Similarly, these corporations paid the taxes on the Miller farm as well as engineer's and attorney's fees for services for the benefit of the Miller farm while still owned individually by Charles Guptill. The record shows that Guptill did not reimburse these corporations for such payments and there is no evidence that they owed him any money. The previously owned Wade property had been under development as a residential area. Upon acquisition of the Miller parcel, development was commenced upon it as a part of a unified tract and in connection with the contiguous Wade section. These facts indicate to us that Charles Guptill had unqualified control over both tracts of land.

We now reach the questions originally posed in our prior decision. Whether it be said that the rule of unity of title or ownership is being relaxed, or that the close control proven in this case is being equated to unity of ownership, we find that it would be contrary to common sense and the rule of just compensation to conclude anything but that the two tracts should be treated as one for the purposes of severance damages in this particular case. It would appear to us that the paramount constitutional requirement of just compensation must be allowed to prevail over the niceties of legal title advanced by the State. This disposition makes it unnecessary to consider further the question whether ownership of nearly all the shares of a corporation such as here would make one the equitable owner of that corporation's property (see *Steele* v. *Central Hudson Gas & Elec. Corp.,* 19 A D 2d 937; *Zurlin* v. *Hotel Levitt,* 5 A D 2d 945; 11 N. Y. Jur., Corporations, § 321, p. 397). We do not believe that the out-of-State and other authorities cited by the State are in point and find them readily distinguishable.

The State also urges that claimant acted in bad faith when Guptill obtained the Miller tract and commenced developing it as a unit with the Wade tract which was already under development when he first had some indication of a proposed or possible appropriation in the future. The trial court was not bound to find upon the record in this case that consummation of negotiations which predated information as to a possible appropriation constituted bad faith. There is ample evidence to sustain the conclusion and award of the Court of Claims.

The judgment should be affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Judgment affirmed, with costs.