BOARD OF TRANSPORTATION v. DAVID J. MARTIN AND WIFE, MARILYN B. MARTIN; W. G. PARKER, TRUSTEE; L. CARL LILES; DILLARD POWELL, SUBSTITUTE TRUSTEE; THE CAROLINA BANK; C. THOMAS BIGGS, TRUSTEE; HOME SAVINGS & LOAN ASSOCIATION; JOHN K. CULBERT-SON, TRUSTEE; NORTH CAROLINA NATIONAL BANK; SOUTHERN NATIONAL BANK OF NORTH CAROLINA; CAROLINA BUILDERS CORPORATION; FIRST CITIZENS BANK & TRUST COMPANY; REYNOLDS METAL COMPANY; COUNTY OF WAKE; TOWN OF CARY; WHITE PACKING COMPANY, INC.; FRIEDRICH REFRIGERATORS, INC.; UNITED STATES OF AMERICA AND ITS AGENCY, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE; CITY OF RALEIGH; CENTRAL CAROLINA BANK & TRUST COMPANY; EARL J. LATTA, INC.; GUARANTEE STATE BANK, TRUSTEE

No. 24

(Filed 28 November 1978)

1. **Eminent Domain § 5— amount of compensation—parcels owned by individual and corporation—no unity of ownership**

    A parcel of land owned by an individual and an adjacent parcel of land owned by a corporation of which that individual is the sole or principal shareholder cannot be treated as a unified tract for the purpose of assessing condemnation damages. Even if such treatment were permitted, there would be no unity of ownership where the corporation is attempting a reorganization under Chapter X of the Federal Bankruptcy Act and the title to the corporation's property is vested in the trustee in bankruptcy.

2. **Eminent Domain § 5— amount of compensation—parcels owned by individual and corporation—no unity of use**

    The intended future development of a tract owned by an individual for use in conjunction with an adjacent tract owned by a corporation of which the individual is sole shareholder and used for a commercial shopping center is not adequate to support a finding of unity of use so that the two tracts may be treated as unified for the purpose of determining damages for the condemnation of a portion of the individual's tract.

ON petition for discretionary review, prior to determination by the Court of Appeals, of order entered by *Godwin, J.,* on 22 December 1977 in WAKE Superior Court.

Plaintiff instituted this action to have certain lands belonging to defendant David J. Martin condemned for highway purposes. Plaintiff filed a declaration of taking and deposited with the court $451,780, the estimated amount due defendants as just compensation for the land taken.

Defendants Martin filed answer admitting that plaintiff is entitled to condemn the land taken but denying that the amount deposited with the court is just compensation therefor.

On 8 September 1977 plaintiff filed a motion requesting a hearing pursuant to G.S. 136-108 to determine all issues other than the issue of damages.

On 13 September 1977 defendants Martin filed a motion asking that South Hills Shopping Center, Inc., and its trustee in bankruptcy, J. Larkin Pahl, be made parties to the action.

Following a hearing on the two motions, the trial court made findings of fact summarized, except where quoted, in pertinent part as follows (numbering ours):

"1. This action involves the condemnation by plaintiff of land to be used for an interchange between Interstate 40 and the Raleigh Beltline (U.S. Highways 1 and 64) on the southwestern side of Raleigh near the Cary-Macedonia Road exit from the Beltline. At this point, the Beltline runs approximately east-west, and the proposed I-40 will intersect it at right angles running North-South.

"2. Defendant David Martin held fee simple title to the subject land both on the north and south sides of the Beltline which is described in Exhibit 'B' of the complaint. He continues to hold title to remaining parcels hereinafter described. All motions in this proceeding concern only the land on the north side of the Beltline.

"3. Defendant David Martin's land on the north side of the Beltline consisted of a parcel of approximately 52 acres, of which 28.82 acres has been taken by plaintiff upon the filing of its complaint. To the northeast of this taking approximately 24 acres remain, and to the southwest 8.6 acres remain. Both remaining parcels are contiguous to the taking.

"4. To the southwest of and contiguous to said 8.6 acre parcel is a parcel of land owned by South Hills Shopping Center, Inc. One corner of this parcel is in a line of taking. . . ."

5. A dispute has arisen between plaintiff and defendants Martin as to whether the parcel of land known as South Hills Shopping Center should be included as part of the tract affected

by the taking of this action for the purpose of ascertaining severance damages thereto. Plaintiff contends that said land should not be so included while defendants Martin contend the opposite.

6. The parcel of land known as South Hills Shopping Center is owned by South Hills Shopping Center, Inc.

Included in the court's findings of fact are stipulations by the parties as follows:

"(a) Defendants David J. Martin and Marilyn B. Martin are husband and wife, and have been such during all pertinent dates recited herein.

"(b) South Hills Shopping Center, Inc., was incorporated on March 28, 1968. Defendant David J. Martin is the sole stockholder of said corporation; defendants Martin were the original incorporators, and are and were the only officers of said corporation.

"(c) Both the shopping center parcel and the contiguous Martin parcel were conveyed as a single tract by W. H. Brickhouse and wife to defendant David Martin on February 20, 1961. . . .

"(d) Defendants Martin developed South Hills in stages completing the first building thereon, the service center, in June, 1969; the second building, the mall, in April, 1972; and the third building, the motel, in January, 1973.

"(e) After completing construction of the service center, defendants Martin conveyed it and its lot to South Hills Shopping Center by deed dated August 15, 1969, recorded in Book 1888, Page 465, Wake County Registry; to like effect with the mall and motel. . . .

"(f) Said conveyances to South Hills facilitated obtaining loans for shopping center construction. Corporate loans, carrying a legally higher interest rate than personal loans, were available and made to South Hills Shopping Center, Inc. The loans made to South Hills Shopping Center, Inc., could not have been obtained by defendants Martin individually due to the statutory limitation existing at that time on interest rates for personal loans. When defendants Martin created South Hills Shopping Center, Inc., they did so principally to obtain financing for the shopping center,

but were aware of the other desirable features of incorporation, including limited liability.

"(g) The motel and its lot were sold prior to the taking herein. The motel lot was at the extreme Southwestern end of the South Hills parcel and is no longer a part of the South Hills Shopping Center and is not involved in these proceedings.

"(h) Substantially before the taking herein, defendants Martin planned to expand South Hills by extending the mall to the northeast onto land owned by defendants Martin individually. Preparatory to such expansion, and prior to the date of taking, defendants Martin had extended water and electrical utility service past the end of the present mall and onto the parcel of land owned by them. The electrical service was extended to a concrete transformer pad on the parcel owned by defendants Martin. The water service, consisting of an underground 10 inch water main, was extended into the parcel owned by defendants Martin.

"(i) Initially, 400 feet was graded by defendants Martin on their parcel preparatory to expanding South Hills. Subsequently, and still prior to the taking, defendants Martin graded an extensive area, approximately 25 acres, to the northeast of the mall on said land owned by them. Said area was to include a substantial addition to the mall and associated parking for the shopping center. The latter grading operations occurred at different times and at different places on said parcel and continued until the date of taking.

"(j) The loans to South Hills Shopping Center, Inc., were made largely on note/deed of trust basis. . . .

"(k) The real property described in the aforesaid deeds of trust consisted of the real property described in the deeds enumerated in (e), above, i.e., the property of South Hills Shopping Center, Inc. Defendants Martin signed the various notes in question as joint obligors. None of the real property described in Exhibit 'B' attached to the complaint contiguous to the property of South Hills Shopping Center, Inc., was made subject to the aforementioned deeds of trust.

"(l) On at least one occasion, defendants Martin mortgaged a portion of certain entireties property owned by them not part of

the subject property in this action, to satisfy an obligation of South Hills Shopping Center, Inc.

"(m) In addition to owning and operating South Hills Shopping Center, South Hills Shopping Center, Inc., owns and operates certain apartments located on Avent Ferry Road, several miles distant from South Hills Shopping Center.

"(n) Defendant David Martin has other business interests conducted by different entities, including, but not limited to, David Martin and Associates, a sole proprietorship, and South Valley Apartments, Inc., a corporation which owns and operates a rental apartment complex called South Valley.

"(o) Some of the various business entities owned by defendants Martin have separate spheres of interest and activity and have separate and distinct assets and liabilities.

"(p) The trustee in Bankruptcy presently administering the business affairs of South Hills Shopping Center, Inc., is not able to utilize the entireties property of defendants Martin, nor the properties and assets of the other aforementioned business enterprises. South Hills Shopping Center, Inc., became involved in Chapter X Bankruptcy proceedings prior to the date of taking."

(7) At the time of the taking herein, South Hills Shopping Center, Inc., was, and continues to be, in voluntary reorganization under Chapter X of the Federal Bankruptcy Act; and the parties agree that the duly appointed trustee in bankruptcy, J. Larkin Pahl, is a proper party to represent said corporation in the event that its land is to be included in this action for the purpose of assessing severance damages thereto.

The trial court concluded as a matter of law that the parcel of land owned by South Hills Shopping Center, Inc., and the parcel owned by defendants Martin constitute a unity for the purposes of determining damages and that said corporation and its trustee in bankruptcy are proper parties defendant to this action.

From judgment predicated on said findings of fact and conclusions of law, plaintiff appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorney R. W. Newsom, III, for the State.*

*Maupin, Taylor & Ellis, by Richard C. Titus and Thomas F. Ellis, for defendant appellees Martin.*

BRITT, Justice.

Plaintiff did not except to any fact found by the trial court. Thus, the question presented is whether the court erred in its conclusions of law and in entering an order thereon. *Hinson v. Jefferson,* 287 N.C. 422, 215 S.E. 2d 102 (1975). The court concluded (1) that the parcel of land owned by South Hills Shopping Center, Inc., (South Hills) and the parcel of land owned by defendants Martin individually constituted a unit for the purpose of determining damages, and (2) that South Hills and its trustee in bankruptcy are proper parties to the action. We hold that the court erred in its conclusions and in entering an order based on said conclusions.

While the factual situation in *Barnes v. Highway Commission,* 250 N.C. 378, 109 S.E. 2d 219 (1959), differs somewhat from the facts in the instant case, we find some guidance from the following excerpts from that opinion:

"There is no single rule or principle established for determining the unity of lands for the purpose of awarding damages or offsetting benefits in eminent domain cases. The factors most generally emphasized are unity of ownership, physical unity and unity of use. Under certain circumstances the presence of all these unities is not essential. The respective importance of these factors depends upon the factual situations in individual cases. Usually unity of use is given greatest emphasis.

"The parcels claimed as a single tract must be owned by the same party or parties. It is not a requisite for unity of ownership that a party have the same quantity or quality of interest or estate in all parts of the tract. . . . Different owners of adjoining parcels may not unite them as one tract, nor may an owner of one tract unite with his land adjoining tracts of other owners for the purpose of showing thereby greater damages. *Light Co. v. Moss,* 220 N.C. 200, 207, 17 S.E. 2d 10."

\*     \*     \*

"As indicated above, the factor most often applied and controlling in determining whether land is a single tract is unity of use. Regardless of contiguity and unity of ownership, ordinarily lands will not be considered a single tract unless there is unity of use. It has been said that 'there must be such a connection or relation of adaptation, convenience, and actual and permanent use, as to make the enjoyment of the parcel taken reasonably and substantially necessary to the enjoyment of the parcel left, in the most advantageous and profitable manner in the business for which it is used.' *Peck v. Railway Co.* (1887), 36 Minn. 343, 31 N.W. 217. The unifying use must be a *present* use. A mere intended use cannot be given effect. . . ." 250 N.C., pp. 384-385.

[1] In *Barnes* this court held that two parcels of land owned by a single owner or owners might be treated as one tract where the parcels were contiguous and were similarly used. In the case before us, one parcel of land is owned jointly by two individuals; the other parcel is owned by a corporation of which one of the two individuals is the sole shareholder. The question on these facts, then, is whether the *Barnes'* requirement that there be unity of ownership between the owners of the two parcels has been met. Absent unity of ownership, the two parcels of land cannot be regarded as a single tract for the purpose of determining a condemnation award. We have not previously resolved this question, and the courts of our sister states which have addressed it appear divided in their opinions.

In *Jonas v. State*, 19 Wis. 2d 638, 121 N.W. 2d 235, 95 A.L.R. 2d 880 (1963), a factual situation similar to that in the instant case was presented. In that case the condemnees argued that the corporate entity should be disregarded to the end that lands owned by it and adjoining lands owned by certain of its shareholders should be treated as a unit for purpose of assessing damages. Answering that argument, the Supreme Court of Wisconsin stated:

"A corporation is treated as an entity separate from its stockholder or stockholders under all ordinary circumstances. Although courts have made exceptions under some circumstances, this has been done where applying the corporate

fiction 'would accomplish some fraudulent purpose, operate as a constructive fraud, or defeat some strong equitable claim  *    *    *.' Those who are responsible for the existence of the corporation are, in those situations, prevented from using its separate existence to accomplish an unconscionable result. In the present case, those who created the corporation in order to enjoy advantages flowing from its existence as a separate entity are asking that such existence be disregarded where it works a disadvantage to them. We do not consider it good policy to do so." 121 N.W. 2d, pp. 238-239.

In *Sams v. Redevelopment Authority*, 431 Pa. 240, 244 A. 2d 779 (1968), the two plaintiffs, operating a scrap metal yard as a partnership, owned the parcel of land condemned; they also owned an adjoining parcel on which a corporation, all of whose stock was owned by them, operated a foundry. Plaintiffs argued that there was unity of use and that the corporate veil should be pierced in order to establish a single user for purposes of allowing increased damages. In rejecting that argument, the Supreme Court of Pennsylvania said:

"After thoroughly researching case authority in this Commonwealth, we are firmly convinced that recovery has never been permitted under the unity of use doctrine absent joint identical users of both parcels of land. In fact, the very concept of unity of use, in our view, dictates that there be identical users as well as identical ownership of the properties involved. It is difficult to conceive that a unity of use can exist when there are two separate and distinct legal entities operating each parcel of land. It is a contradiction in terms to speak of a unity of use where there is more than a single user, since implicit in the definition of unity of use is the connotation that both parcels are so completely integrated, inseparable and interdependent so as to make the operation of one impossible without the operation of the other. Where there are separate users (completely different entities) of the parcels involved, the use of both cannot be said to be so inseparable as to make them a unit for purposes of damages in a condemnation proceeding."

*    *    *

"The corporate entity or personality will be disregarded only when the entity is used to defeat public convenience, justify wrong, protect fraud or defend crime. See Fletcher, Corporations, § 41 (Rev. Ed. 1963), and the numerous cases cited therein; Stevens, Corporations, § 18 (1949). *Gagnon v. Speback,* 389 Pa. 17, 131 A. 2d 619 (1957); *Satler v. Rice,* 184 Pa. Super. 550, 135 A. 2d 775 (1957). Here the corporate shareholders are requesting that the corporate enterprise, voluntarily formed for certain business advantages, ought to be disregarded for their benefit in order to receive increased damages as a result of the present condemnation proceedings. This we refuse to do." 244 A. 2d, p. 781.

Plaintiff has relied on the rule set out in the above cases. Defendants Martin rely on authority from other jurisdictions where results contrary to those based upon the rule adopted in Wisconsin and Pennsylvania have been obtained on a variety of theories. *See: Housing Authority of Newark v. Norfolk Realty Company,* 71 N.J. 314, 364 A. 2d 1052 (1976) ("Normal business considerations . . . may indicate that a bifurcated ownership of the assets of a functionally integrated enterprise is more desirable than ownership by a single entity."); *Erly Realty Development, Inc. v. Ryan,* 43 A.D. 2d 301, 351 N.Y.S. 2d 457 (Sup. Ct., App. Div., 1974), *cert. denied,* 34 N.Y. 2d 515, 357 N.Y.S. 2d 1025 (Ct. App., 1974) (close control of one ownership entity by the other held tantamount to ownership); *In Re North Park Urban Renewal Project,* 67 Misc. 2d 259, 324 N.Y.S. 2d 158 (1971); *M.T.M. Realty Corp. v. State of New York,* 47 Misc. 2d 44, 261 N.Y.S. 2d 815 (1965); *Guptill Holding Corp. v. State of New York,* 23 A.D. 2d 434, 261 N.Y.S. 2d 435 (1965).

[1] We have carefully reviewed the opinions of the courts of our sister states and we find the reasoning of the decisions in Wisconsin and Pennsylvania more persuasive. We, therefore, hold that a parcel of land owned by an individual and an adjacent parcel of land owned by a corporation of which that individual is the sole or principal shareholder cannot be treated as a unified tract for the purpose of assessing condemnation damages.

A corporation is an entity distinct from the shareholders which own it. *Troy Lumber Co. v. Hunt,* 251 N.C. 624, 112 S.E. 2d 132 (1960). This is true whether the owner of the corporation be

another corporation, a single individual, or a group of individuals. *Huski-Bilt, Inc. v. Trust Co.*, 271 N.C. 662, 157 S.E. 2d 352 (1967); *Acceptance Corp. v. Spencer*, 268 N.C. 1, 149 S.E. 2d 570 (1966). Where persons have deliberately adopted the corporate form to secure its advantages, they will not be allowed to disregard the existence of the corporate entity when it is to their benefit to do so. *Schenley Distillers Corp. v. United States*, 326 U.S. 432, 66 S.Ct. 247, 90 L.Ed. 181 (1946); *see generally:* 18 Am. Jur. 2d, Corporations §§ 13-15.

Defendants have also relied on cases from other jurisdictions which cite *Barnes, supra,* for the principle that unity of ownership may be found although the party seeking to have two parcels of land treated as one tract does not have the same quantity or quality of interest in both parcels. *See, e.g., People v. Hemmerling*, 58 Cal. Rptr. 203 (1967); *City of Milford v. .2703 Acres of Land*, 256 A. 2d 759 (Del. Super., 1969); *Sauvageau v. Hjelle*, 213 N.W. 2d 381 (N.D., 1973). These cases are distinguishable from the case before us. In each of them the party seeking to have two parcels of land treated as one tract held a fee interest alone or as a tenant by the entirety in one parcel and a fee interest as a tenant in common in the other. The quantity or duration of interest in the two parcels was the same; only the quality of interest, the manner in which the interest was held, was different. In each case there was a single claimant who held an interest in both parcels. In the case before us there is no difference in the quantity and quality of the estate claimed in the two parcels, but a different party owns each of them.

Even if we chose to follow the rule of the New York and New Jersey cases, a course we have rejected, two substantial obstacles would still preclude treating the two parcels of land in this case as a single tract. The first of these is the difficulty presented by the bankruptcy of South Hills. The second is the requirement that both parcels be presently, actually, and permanently used in such a manner that the enjoyment of the parcel taken is reasonably and substantially necessary to the enjoyment of the remaining parcel; this is referred to as unity of use. *Barnes, supra* at 385.

At the time of the taking herein involved, South Hills was attempting a corporate reorganization under Chapter X of the Federal Bankruptcy Act. Under Chapter X title to the property of South Hills vested in the trustee in bankruptcy. 11 U.S.C.

§ 586. The property's ultimate disposition is subject to the confirmation and consumation of a plan of reorganization. 9 Am. Jur. 2d, Bankruptcy § 1609. Whether the debtor, South Hills, will ever reacquire title to its property is therefore uncertain. *See, generally:* 9 Am. Jur. 2d, Bankruptcy §§ 1493-1600.

The parcel of land owned by defendants Martin is not subject to the jurisdiction of the bankruptcy court. Neither Martin nor South Hills presently has the power to act upon the property of the corporation. Between the trustee in bankruptcy and defendants there is clearly no unity of ownership.

[2] Finally, even if unity of ownership were proven in this case, it would still be necessary to show unity of use.

"The unifying use must be a *present* use. A mere intended use cannot be given effect. If the uses of two or more sections of land are different and inconsistent, no claim of unity can be maintained." *Barnes, supra* at 385.

In the case before us the parcel of land owned by South Hills had been developed and was being used for a large, commercial shopping center. The parcel of land owned by the Martins was an undeveloped tract. While grading operations had been undertaken on it and water and sewer lines had been extended to it, this parcel of land was not *presently* being used in a manner which made its continued use essential to the enjoyment of the tract owned by South Hills. The intended future development of the Martin tract for use in conjunction with the South Hills tract is not adequate to support a finding of unity of use.

For the reasons stated, the order appealed from is vacated and the cause is remanded for further proceedings consistent with this opinion.

Order vacated and cause remanded.