NORTH CAROLINA DEPARTMENT OF TRANSPORTATION v. LEON KAPLAN AND WIFE, RENEE MYERS KAPLAN; FRANK M. BELL, JR., TRUSTEE, FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION; KAPLAN'S SCHOOL SUPPLY CORPORATION, LESSEE

No. 8521SC1039

(Filed 6 May 1986)

**Eminent Domain § 5.1— highway condemnation—two tracts—no unity of use**

　　The trial court did not err in a highway condemnation proceeding by holding that defendant's property consisted of two separate and distinct tracts to be considered separately for the purpose of determining damages even though the property was physically unified and unified in ownership where defendants acquired the two tracts at different times, considered them to be separate tracts, put them to different usages, and neither tract was necessary to the use or enjoyment of the other. N.C.G.S. 136-112(1).

APPEAL by plaintiff from *Morgan, Judge.* Judgment entered 12 May 1985 in Superior Court, FORSYTH County. Heard in the Court of Appeals 7 February 1986.

On 26 November 1984 plaintiff instituted this condemnation proceeding, pursuant to Article 9, Chapter 136 of the General Statutes, by filing a complaint, declaration of taking and notice of deposit of estimated just compensation in the amount of $222,320.00. Plaintiff sought to condemn for highway right of way purposes fee simple title to two strips of land belonging to defendants Kaplan and being portions of two larger tracts owned by them, as well as control of access to the remaining property. Plaintiff also filed a map, pursuant to G.S. 136-106, depicting all of the defendants' property as one tract and showing the location of

**N. C. Department of Transportation v. Kaplan**

the area of right of way taken and the area remaining, as affected by the taking.

Defendants Kaplan filed answer, denying that the property affected by the taking is a single unified tract and alleging that,

for the purpose of assessing damages, two separate and distinct parcels are affected by the taking. Defendants alleged that the property actually consists of two tracts: a large inverted L-shaped parcel fronting on Kirk Road upon which a building and parking lot are located, and a smaller rectangular parcel located south and east of the larger parcel and fronting on Jonestown Road. Defendants requested a hearing, pursuant to G.S. 136-108 to determine all issues other than damages.

The trial court heard testimony, received exhibits, and considered stipulations of fact submitted by the parties. After making findings of fact, the court concluded and ordered that the two tracts should be considered separately in assessing damages. Plaintiff appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General James B. Richmond, for plaintiff appellant.*

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by F. Treacy, Jr. and Richard J. Keshian, for Leon Kaplan and wife, Renee Myers Kaplan, defendant appellees.*

*House, Blanco & Osborn, by John S. Harrison, for Kaplan School Supply Corporation, defendant appellees.*

MARTIN, Judge.

Plaintiff's sole contention on appeal is that the trial court erred in holding that defendant's real property, though physically unified and unified in ownership, consisted of two separate and distinct tracts to be considered separately for the purpose of determining damages in this condemnation action. We affirm the order of the trial court.

The trial court made the following findings of fact:

2. The parties have entered into a number of stipulated facts which are contained in a stipulation of the parties filed with the court and incorporated by reference into this order. The stipulations are as follows:

a. The date of taking in this action is November 26, 1984.

b. The deed attached to the stipulation as Exhibit "B", dated June 10, 1983, recorded in Book 1400 at Page 863

of the Forsyth County Registry, ("smaller tract") conveying a certain tract of land to Leon Kaplan and wife, Renee Myers Kaplan is a genuine copy of such deed.

c. The deed attached to the stipulation as Exhibit "A", dated July 10, 1972 recorded in Book 1035 at Page 760 of the Forsyth County Registry ("larger tract") conveying a certain tract of land to Leon Kaplan and wife, Renee Myers Kaplan is a genuine copy of such deed.

d. The plaintiff and the defendants agree that the only two tracts of land affected by the taking in this cause are the two tracts described in the deeds attached to the stipulation as Exhibits "A" and "B". The defendants contend that these two tracts of land are, for purposes of assessing damages under Chapter 136 of the North Carolina General Statutes, two separate and distinct tracts of land. On the other hand, the plaintiff contends that, for purposes of assessing damages under Chapter 136 of the North Carolina General Statutes, the two tracts of land described in Exhibits "A" and "B" attached hereto are in fact one unified tract of land.

e. As of November 26, 1984 (the date of taking), the smaller tract has been vacant.

f. As of November 26, 1984 (the date of taking), the larger tract was in full use with the building situated thereon rented to Kaplan's School Supply, Incorporated. The building is a 32,000 square foot brick and masonry building.

g. As of November 26, 1984, and the day before, Leon Kaplan and Renee Myers Kaplan owned the larger tract as tenants by the entirety with a leasehold interest in Kaplan's School Supply, Incorporated. Leon Kaplan and wife, Renee Myers Kaplan, owned the smaller tract as tenants by the entirety.

h. The larger tract and the smaller tract are physically contiguous.

i. On the date of the taking, the larger tract was zoned B-3 and the applicable Table of Permissible Uses in such a zone is marked as Defendants' Exhibit "E" and incorporated herein by reference as if fully set forth.

j. On the date of taking, the smaller tract was zoned B-3 and the applicable Tables of Permissible Uses in such a zone is marked as defendants' Exhibit "E" and incorporated herein as if fully set forth.

3. The lease agreement dated February 1, 1977, marked as defendants' Exhibit "C" and memorandum of this lease, marked as defendants' Exhibit "D" were in full force and effect immediately prior to the date of taking, November 26, 1984.

4. The lease agreement dated February 1, 1977 marked as defendants' Exhibit "C" applied to the larger tract and in no way concerned the smaller tract of property.

5. On the date of taking, November 26, 1984, the smaller tract of property owned by Leon Kaplan and wife, Renee Myers Kaplan, was not being used in conjunction with the larger tract owned by Leon Kaplan and wife, Renee Myers Kaplan, and leased to Kaplan's School Supply, Inc.

6. Kaplan's School Supply, Inc. had no interest or estate in the smaller tract on or before the date of taking.

7. On the date of taking, the use to which the larger tract was being put was the operation of a school supply business by the lessee, Kaplan's School Supply, Inc. The larger tract was generating income to the owners Leon Kaplan and wife, Renee Myers Kaplan by way of rents.

8. As of the date of taking, the larger tract had uncontrolled access to Kirk Road.

9. As of the date of taking, both the smaller tract and larger tract had uncontrolled access to Jonestown Road.

10. After the taking, the larger tract had no direct access to Jonestown Road and access to Kirk Road was limited by the closing of Kirk Road.

11. After the taking, Kirk Road, the northern boundary of the larger tract, will be closed at the entrance to Jonestown Road, and Kirk Road will be reunited with Kester Mill Road as depicted on the construction plan marked as defendants' Exhibit "F".

12. On the date of taking there was not such a connection or relation of adaptation, convenience and actual and permanent use as to make the enjoyment of the smaller tract reasonably and substantially necessary to the enjoyment of the larger tract, in the most advantageous and profitable manner for which they were used.

Based on these findings, the trial court concluded:

1. As to the smaller tract and larger tract, there existed physical unity on the date of taking.

2. When considered at the time of or immediately after the taking when the lease between Leon Kaplan and wife, Renee Myers Kaplan, and Kaplan's School Supply, Inc. technically terminated, there was unity of ownership in the larger and smaller tracts.

3. On November 26, 1984, the date of taking, there existed no unity of use between the larger tract and the smaller tract.

4. On the date of taking, the smaller tract and larger tract were two separate and distinct tracts which must be considered separately in assessing damages.

Plaintiff excepts and assigns error to the trial court's Finding of Fact No. 12 and to its Conclusions of Law Nos. 3 and 4. Plaintiff contends that the court failed to apply the correct principles of law in arriving at its finding and conclusions that defendants' property was not unified in use.

G.S. 136-112(1) provides that where only a portion of a tract of land is taken for highway purposes, the measure of damages to which the landowner is entitled is the difference between the fair market value of the entire tract immediately before the taking and the fair market value of the remaining portion immediately after the taking. Where portions of more than one parcel of land are taken, a question frequently arises as to whether the parcels are to be treated as one tract or as separate tracts for the purpose of assessing damages. In such cases, our Supreme Court has established unity of ownership, physical unity, and unity of use as factors to be considered in determining the unity of lands for the purpose of measuring damages. *Barnes v. Highway Comm.*, 250

N.C. 378, 179 S.E. 2d 219 (1959). The presence of all of these unities is not always essential to a finding of a single tract; however, unity of use is the more significant of the three factors. *Id.*

> [T]he factor most often applied and controlling whether land is a single tract is unity of use. *Regardless of contiguity and unity of ownership, ordinarily lands will not be considered a single tract unless there is unity of use.* It has been said that "there must be such a connection or relation of adaptation, convenience, and actual and permanent use, as to make the enjoyment of the parcel taken reasonably and substantially necessary to the enjoyment of the parcel left, in the most advantageous and profitable manner in the business for which it is used." *Peck v. Railway Co.* (1887), 36 Minn. 343, 31 N.W. 217. The unifying use must be a *present* use. A mere intended use cannot be given effect. If the uses of two or more sections of land are different and inconsistent, no claim of unity can be maintained. But the mere possibility and adaptability to different uses will not render segments of land separate and independent (emphasis added).

*Id.* at 385, 109 S.E. 2d at 225. In *Barnes*, the Supreme Court held that two parcels of land which were contiguous, owned by the same owners, and actually similarly used should be treated as one parcel.

In *Board of Transportation v. Martin*, 296 N.C. 20, 249 S.E. 2d 390 (1978), plaintiff brought a proceeding to condemn a portion of a tract of land belonging to the individual defendants. Defendants sought to include another contiguous tract, belonging to a corporation in which one of the defendants was the sole shareholder, as a part of the tract affected by the taking for the purpose of ascertaining severance damages. All of the land had been conveyed to the individual defendants as a single tract by one deed; a portion was later conveyed to the corporation in order that financing might be obtained for a shopping center development. A commercial shopping center was developed. The remaining tract, in which title was retained by the individual defendants, was undeveloped. The Supreme Court held that although the two tracts were physically unified, there was no unity of ownership and no unity of use and therefore the tracts could not be con-

sidered as one for the purpose of determining damages. The Court noted that "even if unity of ownership were proven in this case, it would still be necessary to show unity of use." *Id.* at 30, 249 S.E. 2d at 397. Even though the undeveloped tract had been graded and water and sewer had been extended to it in preparation for its future development in connection with the shopping center, the Court concluded that the land owned by the individual defendants "was not *presently* being used in a manner which made its continued use essential to the tract owned by" the corporation. *Id.*

In the present case, the larger tract, purchased by defendants Kaplan on 10 July 1972, was being used for commercial purposes on 24 November 1984, the date of the taking. That tract was leased to Kaplan's School Supply Corporation, which occupies a 32,000 square foot brick and masonry building on it. The smaller tract, purchased by defendants Kaplan on 10 June 1983 and with which Kaplan's School Supply Corporation has no interest, was vacant. The evidence indicated that the Kaplans had purchased the smaller tract for investment purposes and, although both tracts were zoned similarly, the smaller tract was not being used in conjunction with the larger tract in any manner.

Plaintiff contends, however, that because the two tracts are physically contiguous and unified in ownership, the proper application of the factor of unity of use involved different principles than were applied by the trial court. It contends that under the circumstances of this case the division of the property is merely nominal and that in order for the trial court to conclude that there was no unity of use, it was required to find that the actual usages to which the two tracts were put was so inconsistent as to sever the property. Relying on *Smith Co. v. Highway Comm.*, 279 N.C. 328, 182 S.E. 2d 383 (1971), plaintiff contends that the mere fact that one tract is developed and the other is not does not render the usages distinct and separate.

In our view, *Smith Co.* is distinguishable and does not control. In *Smith Co.*, the plaintiff had acquired a 13 acre tract as a single tract, and had developed approximately half of it. The remaining 6 acres, abutting N.C. Highway 191, were vacant. The Highway Commission converted Highway 191 into a controlled access facility and contended that it should be required to pay com-

pensation only for denial of right of access to the vacant 6 acre portion of the tract, since the developed portion was afforded access to another public road. Although not specifically discussing the factor of unity of use, the Court held that plaintiff was entitled to recover damages to its entire tract.

We hold that the principle of unity of use defined in *Barnes v. Highway Commission, supra,* was appropriately applied to the evidence in this case, rather than the standard proposed by plaintiff. In the present case, defendants acquired the two tracts as separate tracts at different times, considered them to be separate tracts, and put them to different usages. As of the date of taking, neither tract was necessary to defendants' use or enjoyment of the other. The trial court found that there was no connection between the two tracts as would render defendants' enjoyment of the smaller tract necessary to their enjoyment of the larger one. The court's findings support its conclusion that there did not exist, on the date of taking, any unity of use between the two tracts, and such conclusion supports its order that the tracts be considered separately in assessing damages.

Affirmed.

Judges BECTON and JOHNSON concur.