22711

Reather P. ARNOLD, Appellant v. SOUTH CAROLINA PUBLIC SERVICE AUTHORITY, Respondent.

(356 S. E. (2d) 837)

Supreme Court

*A. Camden Lewis,* of *Lewis, Babcock, Pleicones & Hawkins,* Columbia, *for appellant.*

*E. McLeod Singletary, Celeste T. Jones, McNair, Glenn, Konduros, Corley, Singletary, Porter & Dibble, P.A.,* Columbia, *Charles L. Terry, III,* and *Donald M. Holler,* Moncks Corner, *for respondent.*

Heard March 24, 1987.

Decided April 27, 1987.

GREGORY, Justice:

This is a condemnation action by respondent South Carolina Public Service Authority to establish a powerline easement over a tract of land owned by appellant Arnold. We affirm.

At trial Arnold sought to introduce evidence of the value of her tract if used as a limestone quarry in common with the five adjoining parcels owned by her brothers and sisters. She claimed this value should be used as the appropriate measure of compensation for the taking of her property. It is undisputed that Arnold's tract alone could not be used to extract limestone and that at the time of trial the tracts were used separately as farm or timberland. The powerline easement crosses all six parcels.

The issue presented is whether parcels of adjoining land held by different landowners may be combined to assess the value of one landowner's property taken in a condemnation action. This Court has held that different parcels may be combined to determine severance damages after a taking only if the parcels are united in ownership, physical proximity, and use. *Lewis v. South Carolina State Highway Dep't,* 278 S. C. 170, 293 S. E. (2d) 434 (1982); *South Carolina State Highway Dep't v. Terrain,* 267 S. C. 186, 227 S. E. (2d) 184 (1976). This same rule applies in determining the value of the property taken. Because the adjoining parcels here lack unity of ownership, they may not be combined for the purpose of increasing compensation for the land taken. *See also Board of Transportation v. Martin,* 296 N. C. 20, 249 S. E. (2d) 390 (1978); *Barnes v. North Carolina State Highway Comm'n,* 250 N. C. 378, 109 S. E. (2d) 219 (1959); 29A C. J. S. *Eminent Domain* § 140 (1965). The trial judge properly disallowed the proffered evidence.

Accordingly, the judgment of the Circuit Court is

Affirmed.

NESS, C. J., HARWELL, and FINNEY, JJ., and Acting Associate Justice ALEXANDER M. SANDERS, JR., concur.