DEPARTMENT OF TRANSPORTATION, Plaintiff v. AIRLIE PARK, INC., and DON PENDLETON and NATIONSBANK OF NORTH CAROLINA, N.A., Defendants

No. COA02-766

(Filed 4 February 2003)

## 1. Appeal and Error— appealability—condemnation—title and area taken

An order determining that certain parcels of land do not constitute a unified tract for purposes of condemnation by the Department of Transportation was immediately appealable, even though it was not a final determination of all of the issues. N.C.G.S. § 136-108.

## 2. Eminent Domain— DOT condemnation—unity of ownership

Unity of ownership for a Department of Transportation condemnation did not exist in three parcels of land owned by two separate corporations, even though the same individual had been the sole shareholder and director of both corporations before his death, and had intended to turn the tracts into a single industrial park. Defendant presented no persuasive grounds for piercing of the corporate veil.

Appeal by defendant Airlie Park, Inc. from order entered 4 March 2002 by Judge Richard D. Boner in Lincoln County Superior Court. Heard in the Court of Appeals 8 January 2003.

*Attorney General Roy Cooper, by Assistant Attorney General J. Bruce McKinney, for plaintiff appellee.*

*Robinson, Bradshaw & Hinson, P.A., by Mark W. Merritt, Blake W. Thomas, and Angelique R. Vincent.*

TIMMONS-GOODSON, Judge.

Airlie Park, Inc. ("defendant") appeals from an order of the trial court determining that certain parcels of real property owned by

defendant did not constitute one unified tract for purposes of condemnation by the North Carolina Department of Transportation ("plaintiff"). For the reasons stated herein, we affirm the order of the trial court.

The facts and procedural history of the instant case are as follows: Defendant is a North Carolina corporation, organized and incorporated by David Clark, Sr. ("Clark") in Lincoln County, North Carolina, for the purpose of land acquisition and investment. Under Clark's direction, defendant acquired a 35.65-acre tract of land in Lincoln County on 17 February 1993. On 25 October 1999, plaintiff filed a condemnation action against defendant, seeking to condemn the 35.65-acre tract.

On 17 December 2001, defendant filed a "Motion to Determine Interest and Area Taken by Condemnation" pursuant to section 136-108 of the North Carolina General Statutes. In its motion, defendant argued that the condemned parcel was part of a larger unified tract of land owned by defendant that should be included in plaintiff's condemnation action. In support of its motion, defendant filed several affidavits attesting to the fact that, before his death in 1997, Clark directed and was the sole shareholder of several corporations, including defendant corporation and a second corporation, Catawba Springs Land Company, Inc. ("Catawba"). The affidavits further averred that the condemned parcel owned by defendant had once belonged to Catawba before it transferred its interest in the property to defendant in 1993. At the time plaintiff filed its condemnation action, Catawba owned a 107.65-acre tract of land adjacent to the condemned property. According to defendant, Clark intended to develop both of these properties, along with a third, 52.74-acre tract of land also owned by defendant, into a single industrial park. The properties were never so developed, however, and ownership of the three parcels remained divided between defendant and Catawba.

Defendant's motion came before the trial court on 11 February 2002, at which time the trial court made the following pertinent findings of fact:

1. The parcel of land in the present case is titled in the name of Airlie Park, Inc.

2. One additional parcel listed by the defendants which they requested in their motion to be deemed a part of the property

taken is a 107.65 acre tract title[d] to Catawba Springs Land Company Inc., which abuts the parcel named above.

3. Another parcel which defendants moved to be included in the area taken is a 52.74 acre tract of land titled to Airlie Park, Inc., which abuts the parcel titled to Catawba Springs, but is not contiguous with the original Airlie Park Inc. parcel as described by the Department of Transportation on the plat or map filed in this case on or about the 27th day of September 2000.

4. Airlie Park Inc. and Catawba Springs Land Company, Inc., are two distinct corporations, and therefore, two separate entities.

Based on these findings, the trial court concluded that the three parcels described in defendant's motion did not constitute a single tract for purposes of condemnation, as they possessed neither unity of ownership nor physical unity. The trial court entered an order determining that the interest and area taken by plaintiff in its condemnation action included only the original 35.65-acre tract. From this order, defendant appeals.

---

The primary issue on appeal is whether the trial court erred in determining that the three parcels of land were separate for purposes of condemnation. After careful consideration, we affirm the order of the trial court.

[1] We first note that, although the order from which defendant appeals is not a final determination of all of the issues between the parties and is thus interlocutory, defendant's appeal is nevertheless properly before this Court. Section 136-108 of the North Carolina General Statutes requires parties to a condemnation proceeding to resolve all issues other than damages at a hearing as follows:

> After the filing of the plat, the judge, upon motion and 10 days' notice by either the Department of Transportation or the owner, shall, either in or out of term, hear and determine any and all issues raised by the pleadings other than the issue of damages, including, but not limited to, if controverted, questions of necessary and proper parties, title to the land, interest taken, and area taken.

N.C. Gen. Stat. § 136-108 (2001). Orders from a condemnation hearing concerning title and area taken are "vital preliminary issues" that must be immediately appealed pursuant to section 1-277 of the General Statutes, which permits interlocutory appeals of determina-

tions affecting substantial rights. *See Dep't of Transp. v. Rowe*, 351 N.C. 172, 176, 521 S.E.2d 707, 709 (1999); *Highway Commission v. Nuckles*, 271 N.C. 1, 14, 155 S.E.2d 772, 784 (1967). Because defendant's present appeal specifically contests the trial court's determination of the area affected by the taking, which is a "vital preliminary issue," such appeal is properly before this Court.

[2] Defendant argues that the trial court erred in determining that the three disputed tracts of land were not unified for purposes of condemnation. Section 40A-67 of the North Carolina General Statutes provides that, "[f]or the purpose of determining compensation under this Article, all contiguous tracts of land that are in the same ownership and are being used as an integrated economic unit shall be treated as if the combined tracts constitute a single tract." N.C. Gen. Stat. § 40A-67 (2001). "This statute is a codification of a portion of the common law of condemnation known as the 'unity rule.' " *Town of Hillsborough v. Crabtree*, 143 N.C. App. 707, 711, 547 S.E.2d 139, 141, *disc. review denied*, 354 N.C. 75, 553 S.E.2d 213 (2001); *City of Winston-Salem v. Yarbrough*, 117 N.C. App. 340, 344, 451 S.E.2d 358, 362 (1994), *disc. reviews denied*, 340 N.C. 110, 260, 456 S.E.2d 311, 519 (1995). The "unity rule" was articulated by our Supreme Court in *Barnes v. Highway Commission*, 250 N.C. 378, 109 S.E.2d 219 (1959), as follows:

> There is no single rule or principle established for determining the unity of lands for the purpose of awarding damages or offsetting benefits in eminent domain cases. The factors most generally emphasized are unity of ownership, physical unity and unity of use. Under certain circumstances the presence of all these unities is not essential. The respective importance of these factors depends upon the factual situations in individual cases. Usually unity of use is given greatest emphasis.
>
> *The parcels claimed as a single tract must be owned by the same party or parties.* It is not a requisite for unity of ownership that a party have the same quantity or quality of interest or estate in all parts of the tract. But where there are tenants in common, one or more of the tenants must own some interest and estate in the entire tract. Under some circumstances the fact that the land is acquired in a single transaction will strengthen the claim of unity. But the fact that the land was acquired in small parcels at different times does not necessarily render the parcels separate and independent. However, there must be a substantial unity of own-

ership. *Different owners of adjoining parcels may not unite them as one tract, nor may an owner of one tract unite with his land adjoining tracts of other owners for the purpose of showing thereby greater damages.*

*Id.* at 384, 109 S.E.2d at 224-25 (citations omitted) (emphasis added).

Although *Barnes* sets forth unity of ownership as only one of three factors in the unity test, *Barnes* clearly requires that *some* type of unity of ownership be established, however tenuous, in order to declare separate parcels of land united for purposes of condemnation. Our Supreme Court reaffirmed this requirement in *Board of Transportation v. Martin*, 296 N.C. 20, 249 S.E.2d 390 (1978), in which the Court stated that, "[a]bsent unity of ownership, . . . two parcels of land cannot be regarded as a single tract for the purpose of determining a condemnation award." *Id.* at 26, 249 S.E.2d at 395. Appellate decisions following *Barnes* have consistently required some evidence of unity of ownership in order to establish unity of land. *See, e.g., Martin*, 296 N.C. at 28, 249 S.E.2d at 396 (holding that "a parcel of land owned by an individual and an adjacent parcel of land owned by a corporation of which that individual is the sole or principal shareholder cannot be treated as a unified tract for the purpose of assessing condemnation damages"); *Dept. of Transportation v. Nelson Co.*, 127 N.C. App. 365, 367, 489 S.E.2d 449, 450 (1997) (applying *Barnes* and holding that unity of ownership was present between two parcels of property owned by partnership members); *Yarbrough*, 117 N.C. App. at 345, 451 S.E.2d at 362 (reviewing *Barnes* and holding that the inchoate dower interest between spouses was sufficient to provide a husband and wife with "some quality of interest" in the other's property to establish substantial unity of ownership between two tracts of land). Defendant has cited no authority, nor have we discovered any case in which unity of land was established without some grounds for unity of ownership.

The evidence before the trial court in the instant matter tended to show that the three disputed parcels of land are owned by two corporations, namely defendant and Catawba. Defendant argues that, as the two corporations were directed by Clark before his death, and as he was the sole shareholder in both corporations, substantial unity of ownership existed between the three parcels. We disagree.

A corporation is treated as an entity separate from its stockholder or stockholders under all ordinary circumstances. *See, e.g., Glenn v. Wagner*, 313 N.C. 450, 454, 329 S.E.2d 326, 330 (1985) (describing the

general rule of a corporation as a distinct legal entity and the primary exception from that rule, the doctrine of "piercing the corporate veil"); *Huski-Bilt, Inc. v. Trust Co.*, 271 N.C. 662, 669-70, 157 S.E.2d 352, 358 (1967) (reciting the general rule); *Nelson Co.*, 127 N.C. App. at 367, 489 S.E.2d at 450 (noting that a corporation is a "legal entity, totally separate from the individual shareholder"). Although certain exceptions to the general rule exist under some circumstances, "[a] corporation's separate and independent existence is not to be disregarded lightly." Russell M. Robinson, II, *Robinson on North Carolina Corporation Law*, § 2.10 (7th ed. 2002). Courts will only "pierce the corporate veil" where applying the corporate fiction would " 'defeat public convenience, justify wrong, protect fraud or defend crime.' " *Martin*, 296 N.C. at 28, 249 S.E.2d at 395 (quoting *Sams v. Redevelopment Authority*, 431 Pa. 240, 244, 244 A.2d 779, 781 (1968)). In such cases, " '[t]hose who are responsible for the existence of the corporation are . . . prevented [by the courts] from using its separate existence to accomplish an unconscionable result.' " *Id.* at 27, 249 S.E.2d at 395 (quoting *Jonas v. State*, 19 Wis.2d 638, 644, 121 N.W.2d 235, 238-39 (1963)).

In the present case, defendant asks the Court to disregard the corporate enterprise, which was voluntarily formed by Clark in order to enjoy the advantages flowing from its existence as a separate entity, in order to receive increased damages as a result of the present condemnation proceedings. *See Martin*, 296 N.C. at 27-28, 249 S.E.2d at 395. This is known as "reverse piercing," "an argument that is rarely sustained." Robinson at § 2.10(1).

As previously noted, the *Martin* Court expressly held "that a parcel of land owned by an individual and an adjacent parcel of land owned by a corporation of which that individual is the *sole* or principal shareholder *cannot be treated as a unified tract for the purpose of assessing condemnation damages*." *Martin*, 296 N.C. at 28, 249 S.E.2d at 396 (emphasis added). Defendant's attempts to distinguish *Martin* on a factual basis are unpersuasive in light of *Martin*'s unequivocal holding. Defendant further argues that "the *Martin* Court's broad statements regarding unity of ownership were unnecessary and are not binding precedent." We fail to perceive how our Supreme Court's direct resolution of this issue can be anything other than binding precedent. Moreover, defendant has advanced no persuasive grounds for the application of the doctrine of piercing the corporate veil. The evidence before the trial court tended to show that Clark was an attorney, as well as a seasoned and highly success-

ful land developer. "Where persons have deliberately adopted the corporate form to secure its advantages, they will not be allowed to disregard the existence of the corporate entity when it is to their benefit to do so." *Martin*, 296 N.C. at 29, 249 S.E.2d at 396.

Because the three parcels were owned by two separate corporations, which were distinct legal entities, we agree with the trial court's conclusion that unity of ownership did not exist on the date of the taking. Because no grounds for mutual ownership existed, defendant failed to establish unity of land. *See* N.C. Gen. Stat. § 40A-67 (requiring "same ownership" in order for separate parcels of land to be treated as a single tract); *Barnes*, 250 N.C. at 384, 109 S.E.2d at 225 ("Different owners of adjoining parcels may not unite them as one tract, nor may an owner of one tract unite with his land adjoining tracts of other owners for the purpose of showing thereby greater damages.").

Given the lack of unity of ownership between the three parcels, no physical unity existed between the two parcels owned by defendant. The two parcels owned by defendant are completely separated by the 107.65-acre tract owned by Catawba. With neither unity of ownership nor physical unity, we conclude that the trial court did not err in determining that "[t]he three parcels described in defendants' motion do not constitute one tract for the purposes of condemnation." We therefore affirm the order of the trial court.

Affirmed.

Judges TYSON and LEVINSON concur.