STEPHENS, Judge.
 

 Defendants Joseph P. and Trina T. Riddle ("the Riddles") appeal from the trial court's order pursuant to
 
 N.C. Gen. Stat. § 136-108
 
 determining all issues other than just compensation in this condemnation action. Plaintiff North Carolina Department of Transportation ("DOT") cross-appeals from the same order. The Riddles argue that the trial court erred by (1) making findings of fact not supported by competent evidence, (2) making conclusions of law which are not supported by the court's findings of fact, and (3) concluding that the map showing the area affected by the condemnation should include only lots 1, 2, and 7.
 
 [1]
 
 DOT argues that the trial court erred by (1) concluding that there was unity of use and ownership between Lots 1, 2, and 7, (2) making findings of fact not supported by competent evidence, (3) making conclusions of law which are not consistent with existing law in North Carolina and not supported by competent evidence, and (4) ordering that lots 1, 2, and 7 be considered a single unified tract for the determination of just compensation and that DOT amend the map of the area affected by the condemnation accordingly. We dismiss both parties' appeals.
 

 Factual and Procedural Background
 

 On 8 January 2002, Mr. Riddle bought twenty-six acres of land in Cumberland County from Elease Kenyon. The property was zoned for a planned commercial district.
 

 On 15 January 2002, Mr. Riddle filed articles of organization with the State for Vander Center, LLC. Mr. Riddle is the sole member of Vander Center.
 

 On 9 May 2002, Vander Center entered into a twenty-year lease with Food Lion, LLC for a building to be constructed on lot 1. On 24 June 2002, Vander Center entered into a lease with Family Dollar Stores of North Carolina, Inc. for a building to be constructed on lot 1.
 

 In June 2002, Mr. Riddle submitted a petition to Cumberland County requesting six lots to be approved for subdivision, as well as a site plan review for lot 1. The site plan map showed lot 7, which did not have a lot number yet, as being "owned by others." All of these lots 1 through 7 were on the twenty-six acres purchased by Mr. Riddle in January 2002.
 

 On 9 July 2002, Mr. Riddle deeded 9.1 acres of Lot 1 to Vander Center. On 16 July 2002, the County approved the preliminary site plan subject to certain conditions. One of the conditions was that lot 7 be given a lot number, access to the shopping center, and twenty feet of frontage. Another requirement stated that "[a] separate submittal [would] be required to [DOT]" for subdivision approval.
 

 On 12 February 2003, Mr. Riddle recorded a survey plat of "Colt Crossing" in the office of the Cumberland County Register of Deeds at Plat Book 108, Page 104. The plat showed lots 1 through 7, access points to lot 1, and reserved signage easements. In addition, the plat showed a right of way of 0.285 acres north of lot 2 "dedicated to the NC Department of Transportation per this recordation." The area to the northeast of lot 1 was labelled "proposed new highway 24." The plat did not show any structures or planned development.
 

 *612
 
 On 4 March 2003, the Riddles conveyed an additional 0.745 acres of lot 1 and all of lots 2 through 6 to Vander Center. On 11 March 2003, Vander Center secured financing of $4,050,000 for "the construction of an improvement on land." The debt was secured by lots 1 through 6 as shown on the survey plat of Colt Crossing.
 

 On 2 July 2004, Vander Center deeded lots 2 through 6 to Mr. Riddle. Mr. Riddle subsequently revised lots 5 and 6, and sold the revised lot 5 to Boddie-Noell to construct and operate a Hardees.
 

 On 15 July 2010, Mr. Riddle deeded lots 6 and 7 to himself and Mrs. Riddle as tenants by the entirety.
 

 In 2012, DOT filed two actions in Cumberland County Superior Court to condemn lots which are allegedly part of the Colt Crossing development in order to reroute North Carolina Highway 24. In 12 CVS 3993, DOT filed a complaint and declaration of taking on 30 April 2012 naming the Riddles, Family Dollar Stores of North Carolina, Inc., and Food Lion, LLC as defendants. DOT sought to condemn fee simple title to a right of way of 0.198 acres and a permanent utility easement of 0.145 acres on Lot 2. In 12 CVS 4714, DOT filed a complaint and declaration of taking on 21 May 2012 naming the Riddles as defendants. DOT sought to condemn fee simple title to a right of way of 2.002 acres on lot 7.
 

 On 20 December 2012, the Riddles deeded lots 6 and 7 to themselves as tenants in common and not tenants by the entirety. On the same day, Mr. Riddle transferred his one-half tenant-in-common interest to Diane Harrell, trustee of the Joseph P. Riddle, III Escrow Trust.
 

 On 7 March 2014, the Riddles filed a motion in the cause for an order pursuant to
 
 N.C. Gen. Stat. § 136-108
 
 determining all issues other than just compensation in both condemnation cases filed by DOT. The motions came on for hearing together at the 24 March 2014 civil session of the Cumberland County Superior Court, the Honorable Mary Ann Tally, Judge presiding. On 8 July 2014, the trial court entered an order determining that lots 2 and 7 should be considered a single unified tract for the purposes of determining just compensation, and that DOT should amend the map of the area affected by the condemnation to include lots 2 and 7.
 

 The Riddles appealed to this Court on 9 July 2014. In an unpublished opinion filed 2 June 2015, this Court remanded the case to the trial court, because the 8 July 2014 order failed to determine all of the issues in that it did not address any of the Colt Crossing lots other than lots 2 and 7.
 

 The Riddles' motions in the cause came on for hearing on remand at the 26 October 2015 civil session of the Cumberland County Superior Court, the Honorable Mary Ann Tally, Judge presiding. The order of the trial court, filed 24 November 2015, stated in pertinent part:
 

 FINDINGS OF FACT
 

 ....
 

 2. In these lawsuits, DOT named all parties who may have an interest or claim to have an interest in the lands taken, as required by
 
 N.C. Gen. Stat. § 136-103
 
 (b)(4). Defendants Joseph P. Riddle, III, and wife, Trina T. Riddle, filed answers to these complaints, but no other defendant has answered or has otherwise appeared in these cases.
 

 3. The takings consist of 0.198 acres (8,643 square feet) in new right-of-way and 0.145 acres (6,321 square feet) as a permanent utility easement in Case No. 12 CVS 3993 (DOT Parcel 10), and 2.061 acres in new right-of-way in Case No. 12 CVS 4714 (DOT Parcel 12).
 

 4. A tract of land that eventually became the Vander Center, LLC, property and several outparcels was initially acquired by Defendant Joseph P. Riddle, III [ ] by Warranty Deed dated January 8, 2002. A small cemetery, located within the tract, was acquired by Riddle in a Warranty Deed dated May 9, 2002.
 

 ....
 

 12. [The Riddles] are holding Lots 2 and 7 for future development under a common plan or scheme to develop as shopping center outparcels. This holding of the property for future development is a present use.
 

 *613
 
 13. The present use of Lot 1 is as a fully-developed and completely constructed shopping center consisting of a Food Lion, Family Dollar, and other retail establishments.
 

 CONCLUSIONS OF LAW
 

 1. This Court has jurisdiction to hear this remand and these motions to determine the scope of the takings by DOT, pursuant to
 
 N.C. Gen. Stat. § 136-108
 
 .
 

 2. In a condemnation action, in order to consider separate parcels of land as a single tract for purposes of determining damages in separate condemnation proceedings, there must be physical unity, unity of use, and unity of ownership.
 

 3. Unity of use is the most important factor in determining unity of lands. Without unity of use, there can be no unity of lands.
 
 Barnes v. N.C. Hwy. Comm'n
 
 ,
 
 250 N.C. 378
 
 , 385,
 
 109 S.E.2d 219
 
 , 225 (1959) ("Regardless of contiguity and unity of ownership, ordinarily lands will not be considered a single tract unless there is unity of use.")
 

 4. Unity of use requires that the properties be presently, actually, and permanently used in the same manner as an integrated economic unit.
 
 Town of Midland v. Wayne
 
 , [368] N.C. [55], [64],
 
 773 S.E.2d 301
 
 , 308 (2015). The unifying use must be a present use; a mere intended use cannot be given effect.
 
 Barnes
 
 at 385,
 
 109 S.E.2d at 225
 
 .
 

 5. [The Riddles] are holding Lots 2 and 7 for future development under a common plan or scheme fully to develop the property as outparcels for the shopping center which is presently developed on Lot 1. This holding of property for future development is a present use.
 

 6. The unity of use is not defeated by the fact that outparcels on Lots 2 and 7 in this commercial development were not fully developed at the time of taking.
 
 City of Winston-Salem v. Yarbrough
 
 ,
 
 117 N.C.App. 340
 
 , 346,
 
 451 S.E.2d 358
 
 , 363,
 
 disc. rev. denied
 
 ,
 
 340 N.C. 260
 
 ,
 
 456 S.E.2d 519
 
 (1995) ;
 
 D.O.T. v. Nelson Co.
 
 ,
 
 127 N.C.App. 365
 
 ,
 
 489 S.E.2d 449
 
 (1997).
 

 7. Unity of ownership is established within the meaning of
 
 Town of Midland v. Wayne
 
 by Mr. Riddle's sole ownership of Vander Center, LLC, as owner of Parcel 1, and by Mr. Riddle's ownership in the entireties with his wife, Trina T. Riddle, of Parcels 2 and 7.
 

 Id.
 

 at ----308,
 
 773 S.E.2d 301
 
 , 307-309 (2015).
 

 8. Lots 1, 2, and 7 have physical unity.
 

 9. The maps submitted into evidence in the case on damages must accurately reflect the true nature of the land being taken, which in this case is Lots 1, 2, and 7.
 

 10. [DOT's] maps depicting the areas taken in both cases at bar do not accurately reflect the areas affected by the take and must be amended before the trial on damages.
 

 11. The use of [DOT's] maps at trial on the issue of damages stands to confuse or mislead the jury and they should not be admitted into evidence in their present state.
 

 IT IS NOW, THEREFORE, ORDERED, ADJUDGED, and DECREED as follows:
 

 1. Lots 1, 2 and 7 of the [Riddles]' Recorded Plat shall be consolidated and considered a single, unified tract for
 
 *614
 
 the purposes of determining just compensation in these condemnation proceedings.
 

 2. Lots 3, 4, 5, and 6 shall not be consolidated with Lots 1, 2 and 7, nor shall any of these lots be considered a single, unified tract with Lots 1, 2 and 7 for the purposes of determining just compensation in these condemnation proceedings.
 

 3. [The Riddles]' Motion in the Cause is therefore GRANTED IN PART and DENIED IN PART.
 

 4. [DOT]'s court map must be amended in conformity with this Order to include Lots 1, 2 and 7 as a single tract before the trial on damages.
 

 5. The parties shall bear their own expenses associated with this motion.
 

 On 17 December 2015, the Riddles filed a notice of appeal. On 23 December 2015, DOT filed a notice of cross-appeal.
 

 Discussion
 

 On appeal, the Riddles argue that the trial court erred in finding that only lots 1, 2, and 7 should be considered a unified tract for the purposes of determining just compensation rather than lots 1 through 7 of the development of Colt's Crossing. DOT argues that the trial court erred in finding that lots 1, 2, and 7 should be considered as a unified parcel rather than just lots 2 and 7. We dismiss both appeals as interlocutory and not affecting a substantial right.
 

 1. Interlocutory nature of the appeal
 

 This appeal is interlocutory. "Generally, there is no right of immediate appeal from interlocutory orders and judgments."
 
 Goldston v. Am. Motors Corp.
 
 ,
 
 326 N.C. 723
 
 , 725,
 
 392 S.E.2d 735
 
 , 736 (1990). "If a party attempts to appeal from an interlocutory order without showing that the order in question is immediately appealable, we are required to dismiss that party's appeal on jurisdictional grounds."
 
 Hamilton v. Mortg. Info. Servs.
 
 ,
 
 Inc.
 
 ,
 
 212 N.C.App. 73
 
 , 77,
 
 711 S.E.2d 185
 
 , 189 (2011). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy."
 
 Veazey v. City of Durham
 
 ,
 
 231 N.C. 357
 
 , 362,
 
 57 S.E.2d 377
 
 , 381 (citations omitted),
 
 reh'g denied
 
 ,
 
 232 N.C. 744
 
 ,
 
 59 S.E.2d 429
 
 (1950). "[I]mmediate appeal is available from an interlocutory order or judgment which affects a substantial right."
 
 Sharpe v. Worland
 
 ,
 
 351 N.C. 159
 
 , 162,
 
 522 S.E.2d 577
 
 , 579 (1999) (citation and internal quotation marks omitted).
 

 In
 
 N.C. Dep't of Transp. v. Rowe
 
 ,
 
 351 N.C. 172
 
 ,
 
 521 S.E.2d 707
 
 (1999), our Supreme Court addressed interlocutory appeals of orders pursuant to section 136-108 in condemnation proceedings. The defendants in
 
 Rowe
 
 owned 18.123 acres of land in Catawba County.
 
 Id.
 
 at 173,
 
 521 S.E.2d at 708
 
 . DOT condemned 11.411 acres of the defendants' land for a highway project.
 

 Id.
 

 The defendants were left with four parcels of land totaling 6.712 acres.
 

 Id.
 

 The trial court conducted a hearing pursuant to section 136-108 to determine all of the issues in the condemnation proceeding other than damages.
 

 Id.
 

 In its order, the trial court concluded that the defendants' remaining four parcels were a "physically unified parcel affected by the taking."
 
 Id.
 
 at 174,
 
 521 S.E.2d at 708
 
 . Following a trial on the issue of damages, the defendants appealed the final judgment.
 

 Id.
 

 This Court reversed the trial court's judgment on the issue of damages, but held that the appeal of the trial court's order regarding the unity of the defendants' parcels was untimely, because it affected a substantial right and was required to be immediately appealed under
 
 N.C. State Highway Comm'n v. Nuckles
 
 ,
 
 271 N.C. 1
 
 , 14,
 
 155 S.E.2d 772
 
 , 784 (1967).
 

 Id.
 

 The Supreme Court reversed this Court's opinion, clarifying that in
 
 Nuckles
 
 , "[a]t the condemnation hearing ..., the parties contested the area of land being taken by the State Highway Commission."
 
 Rowe
 
 , 351 N.C. at 175,
 
 521 S.E.2d at 709
 
 . The Court further explained that the defendants in
 
 Nuckles
 
 were required to appeal immediately, because "the purpose of the N.C.[Gen. Stat.] § 136-108 condemnation hearing is to eliminate from the jury trial any question as to what land the State Highway Commission is condemning and any question as to its title."
 
 Id.
 
 at 175-76,
 
 521 S.E.2d at 709
 
 . It was in this context that the Court in
 
 Nuckles
 
 "recognized that orders from a condemnation hearing concerning title and area taken are vital preliminary issues that must be immediately appealed."
 
 Id.
 
 at 176,
 
 521 S.E.2d at 709
 
 .
 

 The Supreme Court then contrasted the defendants in
 
 Rowe
 
 , who contested "only the unification of the four remaining tracts, not what parcel of land is being taken or to whom that land belongs."
 

 Id.
 

 In light of the purpose of section 136-108, the Court held that the trial court's order regarding the unification of the defendants' parcels did "not affect any substantial right of these defendants."
 

 Id.
 

 To further clarify, the Court stated, "To the extent that
 
 Nuckles
 
 has been expanded to other issues arising from condemnation hearings, we now limit that holding to questions of title and area taken."
 

 Id.
 

 Here, the trial court's 24 November 2015 order is interlocutory, because it does not address damages. Thus, it does not dispose of all of the issues in the case.
 

 Both the Riddles and DOT assert that the trial court's order affects a substantial right, because it affects "title or area taken." However,
 
 *615
 
 like the defendants in
 
 Rowe
 
 , the Riddles do not contest the ownership of the parcels condemned by DOT or the area condemned by DOT. The issues raised on appeal by both parties stem from the trial court's finding of unity between parcels 1, 2, and 7.
 
 [2]
 
 Therefore, because the parties do not dispute the title to the condemned property or the area of land condemned by DOT, the trial court's order does not affect a substantial right of either party. Accordingly, appeal of the trial court's order is premature and not properly before this Court.
 

 DISMISSED.
 

 Judges BRYANT and CALABRIA concur.
 

 [1]
 

 The Riddles' briefs and the trial court's order refer to lots 2 and 7. DOT refers to the same lots as parcels 10 and 12 respectively. For clarity, we will refer to the condemned lots as 2 and 7, in conformity with the trial court's order.
 

 [2]
 

 DOT argues in its cross-appeal that the trial court's finding of fact number 3 is erroneous, because it finds the incorrect acreage for the right of way taken on lot 7. However, DOT did not make any argument to the trial court that the evidence showing a taking of 2.061 acres was incorrect; in fact, DOT's witness testified at the initial condemnation hearing that he was asked by DOT to assess the value of the condemned property based on "a taking of 2.061 acres." Because DOT did not argue to the trial court that the acreage of the taking was not 2.061 acres, this argument is not properly preserved for appellate review. N.C.R. App. P. 10(a)(1).