Willard v. Barger, 2019 NCBC 33.

STATE OF NORTH CAROLINA

DAVIE COUNTY

CHARLES WILLARD and TRACY
BARNES BLIMP WORKS, LLC,

Plaintiffs,

v.

WILLIAM BARGER, individually;
WILLIAM BARGER AS EXECUTOR
OF THE ESTATE OF TRACY
BARNES; and BLIMP WORKS, INC.,

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
19 CVS 182

**ORDER AND OPINION ON
PLAINTIFF CHARLES WILLARD'S
MOTION TO DISMISS CONVERSION
COUNTERCLAIM**

1. **THIS MATTER** is before the Court upon Plaintiff Charles Willard's ("Willard") Motion to Dismiss Conversion Counterclaim (the "Motion") in the above-captioned case.

2. The Court, having considered the Motion, the briefs in support of and in opposition to the Motion, and the arguments of counsel at the hearing on the Motion, hereby **GRANTS** the Motion.

*Bennett Guthrie Latham, PLLC, by Jasmine M. Pitt, for Plaintiff Tracy Barnes Blimp Works, LLC.*

*Fitzgerald Litigation, by Andrew L. Fitzgerald, D. Stuart Punger, and Lee D. Denton, for Plaintiff Charles Willard.*

*Eisele Ashburn Green & Chapman, PA, by Douglas G. Eisele, for Defendants William Barger, individually and as Executor of the Estate of Tracy Barnes, and Blimp Works, Inc.*

Bledsoe, Chief Judge.

I.

BACKGROUND

3. The Court does not make findings of fact when ruling on a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Concrete Serv. Corp. v. Inv'rs Grp., Inc.*, 79 N.C. App. 678, 681, 340 S.E.2d 755, 758 (1986). Rather, the Court recites the relevant allegations in the pleading asserting the challenged claim—here, Defendants William Barger ("Barger"), individually and as Executor of the Estate of Tracy Barnes (the "Estate of Barnes" or the "Estate"), and Blimp Works, Inc.'s ("BW") (together, "Defendants") Answer and Counterclaims. (*See* Answer and Countercls. [hereinafter "Countercls."], ECF No. 6.)

4. Willard and Plaintiff Tracy Barnes Blimp Works, LLC ("TBBW") initiated this action against Defendants on April 1, 2019, alleging claims for fraudulent conveyance, declaratory judgment, conversion, breach of fiduciary duty, unjust enrichment, breach of contract, unfair and deceptive trade practices, attorneys' fees, and tortious interference with contract arising out of various dealings among and between Tracy Barnes, Willard, Barger, TBBW, and BW.

5. On April 16, 2019, Defendants filed their Answer and Counterclaims. The first counterclaim is asserted by the Estate of Barnes against Willard and is titled "Conversion of 2014 Subaru" (the "Conversion Counterclaim"). On April 30, 2019, Willard filed the Motion pursuant to Rules 12(b)(6) and 12(b)(1) of the North Carolina Rules of Civil Procedure, arguing that the Conversion Counterclaim should be dismissed because the Estate has pleaded that it does not own the 2014 Subaru. On

that basis, Willard asserts that the Estate lacks standing to bring the Conversion Counterclaim against him.

6. After full briefing, the Court held a hearing on the Motion on May 24, 2019 (the "May 24 Hearing"), at which all parties were represented by counsel. The Motion is now ripe for resolution.

## II.

## LEGAL STANDARD

7. In ruling on a motion to dismiss under Rule 12(b)(6), the Court's inquiry is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory[.]" *Harris v. NCNB Nat'l Bank of N.C.*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987) (citing *Stanback v. Stanback,* 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979)). The Court will not grant a motion to dismiss "unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." *Sutton v. Duke*, 277 N.C. 94, 103, 176 S.E.2d 161, 166 (1970) (emphasis omitted). Therefore, dismissal of a claim pursuant to Rule 12(b)(6) is only proper "(1) when the complaint on its face reveals that no law supports [the] claim; (2) when the complaint reveals on its face the absence of fact sufficient to make a good claim; [or] (3) when some fact disclosed in the complaint necessarily defeats the plaintiff's claim." *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985).

8. The Court construes the allegations in the pleading "in the light most favorable to the non-moving party." *Christenbury Eye Ctr., P.A. v. Medflow, Inc.*, 370

N.C. 1, 5, 802 S.E.2d 888, 891 (2017). The Court is not, however, required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Good Hope Hosp., Inc. v. N.C. Dep't of Health & Human Servs.*, 174 N.C. App. 266, 274, 620 S.E.2d 873, 880 (2005); *see also McCrann v. Pinehurst, LLC*, 225 N.C. App. 368, 377, 737 S.E.2d 771, 777 (2013).

III.

ANALYSIS

9. Willard argues that the Conversion Counterclaim should be dismissed under Rule 12(b)(6) because the party asserting the claim, the Estate of Barnes, does not own the 2014 Subaru. The Court agrees.

10. Under North Carolina law, "[t]he tort of conversion is well defined as 'an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights.'" *Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 365 N.C. 520, 523, 723 S.E.2d 744, 747 (2012) (quoting *Peed v. Burleson's, Inc.*, 244 N.C. 437, 439, 94 S.E.2d 351, 353 (1956)). Thus, "[t]here are, in effect, two essential elements of a conversion claim: ownership in the plaintiff and wrongful possession or conversion by the defendant." *Id.*

11. Our courts have emphasized that "[t]he essence of conversion is not the acquisition of property by the wrongdoer, but a wrongful deprivation of it to the owner[.]" *Bartlett Milling Co. v. Walnut Grove Auction & Realty Co.*, 192 N.C. App. 74, 86, 665 S.E.2d 478, 488 (2008) (quoting *Lake Mary Ltd. P'ship v. Johnston*, 145

N.C. App. 525, 532, 551 S.E.2d 546, 552 (2001)). In short, "there is no conversion until some act is done which is a denial or violation of the plaintiff's dominion over or rights in the property." *Mace v. Pyatt*, 203 N.C. App. 245, 256, 691 S.E.2d 81, 90 (2010) (quoting *Lake Mary Ltd. P'ship*, 145 N.C. App. at 532, 551 S.E.2d at 552).

12. In pleading the Conversion Counterclaim here, the Estate alleges first that the "2014 Subaru automobile [is] owned by [BW]," and then (i) that the "Estate of Tracy Barnes has made demand on Willard for return of the 2014 Subaru to the Estate of Barnes;" (ii) that Willard's failure "to return the Subaru to the Estate of Barnes constitutes a conversion by Willard of the property owned by the Estate of Barnes;" and (iii) that the Estate of Barnes is entitled to a Court order requiring Willard to either "return the Subaru to the Estate of Barnes, or "pay to the Estate of Barnes for the purchase of said Subaru the . . . fair market value of the Subaru." (Countercls. ¶¶ 1–5.)

13. Although it does not own the 2014 Subaru, the Estate contends, without citation to legal authority, that because it owns all of the outstanding shares of BW— the entity that actually owns the 2014 Subaru—the Estate may properly recover the 2014 Subaru for the Estate. According to the Estate, "[i]t is fundamental that the right of an executor to sue for and acquire corporate stock in the administration of an estate includes the right of the executor to demand the possession of an asset represented by the corporate stock that is an asset of the estate." (Br. of Barnes Estate Replying to Pl. Willard's Mot. Dismiss 4, ECF No. 17.)

14. The Estate's argument is without legal support. Under longstanding principles of North Carolina law, a "corporation is treated as an entity separate from its stockholder or stockholders under all ordinary circumstances." *Dep't of Transp. v. Airlie Park, Inc.*, 156 N.C. App. 63, 67, 576 S.E.2d 341, 344 (2003) (citing *Glenn v. Wagner*, 313 N.C. 450, 454, 329 S.E.2d 326, 330 (1985)). The Estate pleads that BW is an entity separate and distinct from the Estate. The Estate's ownership of BW's shares may give the Estate the practical ability to control BW's affairs, including the disposition of BW's assets, but ownership in BW's shares does not equate to direct ownership in BW's assets. Thus, the Estate has no direct ownership interest in the 2014 Subaru, and without ownership in the Estate, the Estate has no legal right to recover the 2014 Subaru for the Estate.

15. Accordingly, the Court concludes that the Estate lacks standing to assert the Conversion Counterclaim against Willard to seek recovery of the 2014 Subaru for the Estate, requiring dismissal of the counterclaim as pleaded. The Court's ruling, however, is without prejudice to any right the Estate may have to cause BW, as the owner of the 2014 Subaru, to assert a conversion claim seeking the recovery of the 2014 Subaru for BW.[1]

---

[1] After the Court forecast it would grant the Motion during the May 24 Hearing, Defendants' counsel made an oral motion seeking leave to amend the Answer and Counterclaims to permit the Conversion Counterclaim to be asserted by BW rather than the Estate. With Plaintiffs' consent, the Court granted the oral motion for leave to amend at the May 24 Hearing. The Court will memorialize its ruling on the oral motion for leave to amend by separate order.

IV.

CONCLUSION

16. **WHEREFORE**, for the foregoing reasons, the Court hereby **GRANTS** Plaintiff Charles Willard's Motion to Dismiss Conversion Counterclaim and **DISMISSES** the Estate of Barnes' Conversion Counterclaim against Willard with prejudice.

**SO ORDERED**, this the 29th day of May, 2019.


/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge